# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

### JOHN W. SMITH v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 99C2088**

---

**No. M2013-00228-CCA-R3-HC    Filed 06/06/2013**

---

This matter is before the Court upon the State's motion to dismiss or in the alternative to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals. Petitioner, John W. Smith, has appealed the Davidson County Circuit Court order dismissing his second petition for writ of habeas corpus in which Petitioner alleged that: (1) his sentence is illegal; and (2) his guilty plea was not knowingly or voluntarily entered. Upon a review of the record in this case, we are persuaded that the trial court was correct in dismissing the petition and that this case meets the criteria for affirmance pursuant to Rule 20, Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ. joined.

John W. Smith, Pro Se, Nashville, Tennessee.

Robert E. Cooper, Jr., Attorney General & Reporter, and Benjamin A. Ball, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

Petitioner was originally indicted by the Davidson County Grand Jury for one count of especially aggravated robbery and eleven counts of aggravated robbery. *See John W. Smith v. State*, No. M2003-00729-CCA-R3-PC, 2004 WL 1434479, at *1 (Tenn. Crim. App., at Nashville, Jun. 25, 2004), *perm. app. denied*, (Tenn. Oct. 4, 2004). Petitioner ultimately pled guilty to one count of facilitation of especially aggravated robbery and three counts of aggravated robbery. *Id.* As a result of the guilty plea, Appellant received a Range III

sentence of twenty years for the facilitation conviction, and concurrent Range III sentences of twenty years for the three counts of aggravated robbery. The concurrent sentences for each aggravated robbery were ordered to be served consecutively to the sentence for facilitation of especially aggravated robbery, making the effective sentence forty years. Additionally, the sentences were ordered to be served consecutively to the remainder of a sentence for which Petitioner was on parole. *Id.*

Petitioner sought post-conviction relief on the basis of alleged ineffective assistance of counsel which, he claims, resulted in the entry of an involuntary guilty plea. *Id.* The petition for relief was denied by the post-conviction court and this Court affirmed the post-conviction court's judgment on appeal. *Id.* at *4.
The supreme court denied permission to appeal.

In February of 2006, Petitioner filed a petition for writ of habeas corpus in Hickman County. *John W. Smith v. Wayne Brandon*, No. M2006-01042-CCA-R3-HC, 2006 WL 3290835, at *1 (Tenn. Crim. App., at Nashville, Nov. 3, 2006), *perm. app. denied*, (Tenn. Mar. 12, 2007). The petition was dismissed by the trial court and Petitioner appealed. *Id.* at *1. The petition argued that the trial court was without jurisdiction to sentence Petitioner in the manner in which it did; and that the trial court did not have authority to accept his guilty pleas because the sentences were void. This Court affirmed the summary dismissal of the petition. *Id.* at *3.

On October 14, 2012, Petitioner filed the petition for habeas corpus relief at issue herein. The petition was filed in Davidson County and alleged that his sentence is illegal and his guilty plea was unknowingly and involuntarily entered. The trial court dismissed the petition, noting that Petitioner raised issues in a memorandum in support of his petition in addition to the issues raised in the petition. The trial court determined that Petitioner's sentence had not yet expired and that the trial court had followed mandatory sentencing procedures in sentencing Petitioner. Consequently, the trial court denied habeas corpus relief. Petitioner appeals.

*Habeas Corpus Relief*

The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T .C.A. § 29-21-109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280, 283 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. For the benefit of individuals such as the petitioner, our legislature has explicitly laid out the formal requirements for a petition for a writ of habeas corpus at Tennessee Code Annotated section 29-21-107:

> (a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.

> (b) The petition shall state:

> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is the first application for the writ, or, is a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

A habeas corpus court "properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Summers*, 212 S.W.3d at 260; *See also Hickman*, 153 S.W.3d at 21.

In the case herein, Petitioner advances the same argument on appeal that he presented to the trial court, i.e. that the trial court was without jurisdiction to impose his sentence and that his guilty plea was unknowingly or involuntarily entered. Additionally, on appeal, Petitioner argues that Tennessee Rule of Civil Procedure 60.02 somehow applies to his situation. This issue in particular was not presented to the trial court. Thus, it cannot be raised for the first time on appeal. *See* e.g., *State v. Alvarado*, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996) (holding that when a defendant raises an issue for the first time on appeal, this Court will normally deem it waived).

The issues remaining in the petition are identical to the issues raised by Petitioner in his prior habeas proceedings. He argues that the trial court lacked jurisdiction to order count two to be served concurrently with counts 3 and 4, asserting instead that the judgments "shall occur in a progressive fashion." This issue was addressed on appeal of the first habeas petition. *John W. Smith*, 2006 WL 3290835, at *2. Petitioner also argues that his concurrent sentences violate Tennessee Rule of Criminal Procedure 32(c)(3)(A) because of his status as a parolee at the time of the commission of the underlying crimes. Again, this issue was addressed and discounted on appeal of the first petition for habeas relief. *Id.* at *2. Lastly, Petitioner challenges the voluntariness of the plea. This is not an issue for habeas corpus relief as the involuntariness of a guilty plea would render a conviction voidable, not void. *See Summers v. State*, 212 S.W.3d 251, 259 (Tenn. 2007); *Archer*, 851 S.W.2d at 163-64 (citing *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992)). Consequently, Petitioner's second petition for habeas corpus relief has failed to allege a cognizable ground for relief. Accordingly, the trial court properly dismissed the petition. Petitioner is not entitled to relief.

Rule 20, Rules of the Court of Criminal Appeals provides inter alia:

The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge . . . .

We determine that this case meets the criteria of the above-quoted rule and, therefore, we grant the State's motion filed under Rule 20. We affirm the judgment of the post-conviction court.

_____

JERRY L. SMITH, JUDGE